UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| PAUL PHILBRICK, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CIVIL NO.: |
| | ) |
| DEARBORN NATIONAL, | ) |
| | ) |
| Defendant | ) |

COMPLAINT

NATURE OF THE ACTION

This is an action brought under the Employee Retirement Income Security Act of 1974 (ERISA), *29 U.S.C. § 1001*, *et seq.* Plaintiff was insured under Defendant's long-term disability policy, Defendant has wrongfully denied benefits to Plaintiff who became totally disabled while he was eligible for benefits and totally disabled according to the definitions in the Policy. This denial may have adversely affected his other employee benefits on account of its finding that he is not totally disabled.

JURISDICTION AND VENUE

This court has original jurisdiction under *28 U.S.C. § 1331* because this is an action arising under the laws of the United States.  Venue is proper in this Court pursuant to *28 U.S.C. § 1391(b)* because the events giving rise to the claim occurred in the State of Maine and under Local Rule 3(b) because the Plaintiff lives in the County of Penobscot, State of Maine.

1. Plaintiff is an electrical engineer who has been out of work since 4/4/2014.
2. The job of electrical engineer is surprisingly challenging physically.
3. He has been out of work since he was injured trying to lift a wet carpet in his basement.
4. From the moment he lifted the rug he was in unremitting pain.
5. A fluoroscopy confirmed that he suffered from disc disruption at L-5.
6. Dr. Kenneth Alo, on 9/17/15 performed a discectomy and neural decompression at L5/1F, L4-5 bilateral, L3-4 bilateral.
7. The surgery was originally scheduled for 6/4/14.
8. Plaintiff's health insurance carrier wanted him to try a conservative course of physical therapy prior to the surgery.
9. Right away, on 5/14/14, at the intake at physical therapy he was warned to maintain "activity avoidance" and modification measures.
10. The physical therapy had less than marginal effect on his pain so the health insurer approved the surgery.

11. Plaintiff scheduled surgery for 7/28 knowing that the surgery may still not be approved but Dr. Alo is in such demand, Plaintiff wanted to get his surgery done as soon as he could.

12. The surgery was ultimately approved and scheduled for 9/17/14 with exploratory measure on 9/16/14. These were the earliest available dates.

13. Defendant had originally approved disability benefits up to and including 6/4/14 because that was the original date of the surgery.

14. Defendant terminated Plaintiff's benefits as of 6/4/14.  There was no new medical evidence upon which Defendant relied to arbitrarily discontinue benefits.

15. The only rationale for the termination on 6/4/14 is that it is the date of the originally scheduled surgery.

16. Dr. Alo completed an Attending Physician Statement which concludes that, as of 12/4/14, Plaintiff was incapable of even sedentary activity.

17. Following the surgery, Plaintiff embarked on another round of physical therapy.

18. The Oswestry Low Back Pain Disability Measure shows him at discharge to be 40% which is on the border between moderate to severe disability.

19. He still can't perform his own or any occupation.

COUNT I

DENIAL

20. Defendant has wrongfully and continues to wrongfully deny benefits

21. Defendant denied benefits because it both made the decision whether a claimant is disabled and also pays the claim.

22. This conflict of interest compels the Court to review this case *de novo* unless Defendant can prove its decision was not infected with this conflict.

For all counts, Plaintiff requests Judgment against Defendants for past and future disability benefits, prejudgment and postjudgment interest, attorney's fees in an amount of the national average of persons who work in ERISA disability, reinstate and pay collateral, other employee benefits and damages in an amount to be presented in the Motion for Judgment on the Administrative Record by reference to the calculation provided in the policy and other damages in an amount which is reasonable and proper under law.

COUNT II

PENALTY FOR FAILING TO PROVIDE THE POLICY TO PLAINTIF

23. Plaintiff restates all allegations in this Complaint.

24. ERISA regulation, 29 CFR 502 (502) (1) requires an insurer provide to claimants within 30 days of a request, all documents requested, that is, documents created by or relied upon by Defendant when making its decision. In particular it applies to the Policy of insurance. Plaintiff requested 4 times a copy of the Policy as follows: 3/14/2014, 3/26/2015, 6/4/2014, and 6/22/2015. Plaintiff still has not received a copy of the policy. Defendant continues to provide a "booklet certificate" which

states on the cover it is "part" of the "Group Insurance Policy." Defendant persists in claiming the SPD is the policy.

25. The standard of review should be de novo because it would have been arbitrary and capricious for Defendant to rely on the SPD for its decision rather than on the Policy which controls.

Plaintiff requests this Court Order Defendant pay the full amount of the penalty beginning on 4/13/2014 and Order additional punitive damages on account of Defendant's egregious failure to comply with the law of ERISA.

For all counts, Plaintiff requests the Court Order Defendant pay all past and future benefits, prejudgment and postjudgment interest as well as interest beginning from the time he became disabled, the amount of which and method of calculation to be presented in the Motion for Judgment on the Administrative Record.

Plaintiff requests the Court award it statutory penalty for each day that Defendant has refused to provide the policy following the 30 days within which the policy should have been provided.

Plaintiff requests the Court award attorney's fees at the national rate for counsel experienced in the representation of claimants in ERISA disability claims and costs.

## COUNT III

CLAIM TO REINSTATE AND MAKE PREMIUM PAYMENTS ON ALL EMPLOYEE BENEFITS TO WHICH PLAINTIFF IS ENTITLED

26. Plaintiff restates all allegations contained in this Complaint.

27. Defendant may provide other employee benefits which may be available only if a person is actively at work or deemed totally disabled.

28. Defendant must reinstate or otherwise make Plaintiff whole regarding any other employee benefits to which he is entitled.

For all Counts, Plaintiff requests the Court Order Defendant pay disability benefits it owes, past and future with interest from the time he became disabled in an amount to be presented in the Motion for Judgment on the Administrative Record by reference to the calculation provided in the policy, Attorney's fees in an amount calculated on a national average for persons engaged in ERISA disability practice, costs and other damages in an amount which is reasonable and proper under law.

DATED: September 4, 2015                    /s/ Gisele M. Nadeau

                                  Gisele M. Nadeau, Esq.
                                  55 Pleasant Ave.
                                  Portland, Maine 04103
                                  207-671-0327
                                  nadeau@maineerisadisability.com